IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES F., by and through his next friends, CHRISTINE F. and MICHAEL F., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02063 |
| CLEAR CREEK INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

## **ORIGINAL COMPLAINT**

### I. INTRODUCTION

1. This is a civil action brought pursuant to 20 U.S.C. § 1415(i) to appeal and to obtain a reversal of an erroneous decision (the "Decision," attached as Exhibit A) by a hearing officer in an administrative proceeding. This action also seeks attorneys' fees for time spent in representing Plaintiff in the proceeding below and in litigating the instant Complaint.

### II. JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

### III. PARTIES

4. Plaintiff James F. is an eleven year-old student with disabilities who lives with his next friends, Christine F. and Michael F., in Harris County. He resides within the geographical area served by the Clear Creek Independent School District ("CCISD").

1

5.     Defendant CCISD is a duly incorporated Independent School District located in Harris County and Galveston County.  CCISD is the resident school district for James F. and is responsible for providing him with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA").

## IV.     STATEMENT OF FACTS

6.     James F. is an eleven year-old secondary school student whom CCISD deems eligible for special education as a student with a Specific Learning Disability and Other Health Impairment.  CCISD recognizes his Specific Learning Disability category as Reading Fluency.  It recognizes his Other Health Impairment categories as ADHD, BVD (Binocular Vision Dysfunction), CIRS (Chronic Inflammatory Response Syndrome), and CVI (Cortical Visual Impairment).

7.     Cortical Visual Impairment ("CVI") is a brain-based visual impairment involving the neural pathways and/or the brain.  CVI is an invisible condition that exhibits distinct visual behaviors which are often misinterpreted by the educational school setting.  Students with CVI have fluctuating visual performances depending on the physical environment, time of day, complexity of the task, competing sensory input, as well as internal stress, and fatigue.

8.     While CCISD recognizes that Plaintiff has CVI, it has consistently taken the position that his CVI has no educational impact in the school setting.  CCISD appears to have adopted this position at least in part because Plaintiff is a highly intelligent student who is, in fact, currently in the Gifted and Talented program at the school and thus performing better than his typically developing peers in many areas.  However, despite his many gifts and talents, Plaintiff has specific educational needs related to his CVI that CCISD has left unaddressed, in part because it has failed to assess them appropriately.  Because CVI impacts all aspects of a

2

child's education, leaving its impact unaddressed necessarily has a negative effect on other areas. For example, Plaintiff has continued to struggle with reading, spelling, and handwriting in part as a result of issues stemming from his CVI. While CCISD has worked with him on dyslexia and the like, its inadequate grasp of his CVI vitiates these efforts.

9. Plaintiff's mother retained an expert in CVI to work with Plaintiff in light of CCISD's failures in this regard. As part of her observations and assessments, Plaintiff's expert saw Plaintiff displaying difficulties with facial recognition—a characteristic also noted in interviews with parents and private providers. Such difficulties can give rise to safety concerns.

10. Plaintiff's expert also observed Plaintiff displaying behavioral characteristics clearly indicative of a student with CVI becoming overwhelmed by the visual complexity of a scanning task he was asked to perform. Although to the untrained eye of a teacher or school staff member, Plaintiff's behaviors may seem mere displays of boredom or disinterest, a trained expert in CVI can easily determine the connection between these behaviors and the impact of Plaintiff's CVI.

11. Plaintiff demonstrates other CVI characteristics with substantial educational impact as well. For example, he demonstrates a visual field neglect, particularly in unfamiliar or complex environments, such as in a community setting. In fact, he has almost been hit by a car due to such left-side visual field neglect. He has significantly more challenges in visually complex environments as well.

12. Plaintiff's expert performed a CVI Range Assessment—a tool used to assess where a child falls on the spectrum of CVI for the purpose of determining appropriate strategies and accommodations to allow the child to have educational access. The CVI Range Assessment

confirmed the observations of Plaintiff's expert. She determined that Plaintiff was at the beginning stages of Phase III, such that his CVI impacted him functionally across all settings.

13. Plaintiff's expert concluded that he needed a teacher of the visually impaired in the school district to address his CVI needs across the school day, as well as instruction in self-advocacy and accommodations to support his executive functioning and his interaction with peers, as well as other supports and services. She concluded, in other words, that CVI has a substantial impact in the educational environment that needs to be addressed.

14. Plaintiff's expert was correct. CVI does not go away in any setting or in any part of the day. It has impact in every environment in which Plaintiff finds himself. Without addressing the CVI in the educational environment, Plaintiff would not have visual access to all his work and would not have his needs met and the appropriate support and accommodations.

15. In light of this substantial educational impact, it is also critical that CCISD instruct Plaintiff in self-advocacy skills. Plaintiff must learn to understand the nature of his visual impairment and communicate his needs relative to that impairment, so that he can access his environment and help others understand his needs. Failure to address these issues can result in depression and loss of emotional well-being.

16. CCISD has failed entirely to address Plaintiff's CVI and its educational impacts. Insisting that its untrained teachers and staff members have been unable to detect the impact of Plaintiff's CVI in the educational environment, CCISD has insisted that no such impact exists. CCISD has in effect taken the position that, because Plaintiff is in the gifted and talented program, it has necessarily fulfilled its obligations. CCISD is incorrect in this regard. It has the obligation to design an Individualized Education Program that promotes progress appropriate for

Plaintiff's unique characteristics, circumstances, and needs. It cannot do that by ignoring the impacts of his CVI.

17. Plaintiff filed an administrative due process complaint with the Texas Education Agency and had a due process hearing before an administrative hearing officer on January 3-5, 2023. However, in a decision issued on March 9, 2023, the administrative hearing officer found in favor of CCISD and denied Plaintiff's requests for relief.

18. As the decision of the administrative hearing officer was erroneous, Plaintiff timely files this appeal.

## FIRST CAUSE OF ACTION (IDEA)

19. Plaintiff incorporates by reference paragraphs 1-18 of this Complaint.

20. The administrative hearing officer erred in denying Plaintiff the relief he requested.

21. Plaintiff hereby appeals the decision of the administrative hearing officer pursuant to 20 U.S.C. § 1415(i).

## PRAYER

Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the remedies sought in Plaintiff's underlying administrative due process complaint, as articulated in the administrative hearing officer's decision, including:

- Ordering CCISD to retain a consultant with expertise in CVI to supervise development and implementation of an appropriate Individualized Education Program for Plaintiff.

- Ordering CCISD to develop an appropriate program for Plaintiff with the assistance of a CVI consultant.

- Ordering CCISD to train staff who work with Plaintiff on implementation of his Individualized Education Program and his disabilities.

- Ordering CCISD to provide Plaintiff with compensatory education services.

- Ordering CCISD to determine Plaintiff to be eligible for special education based on a visual impairment (VI).

- Ordering CCISD to reimburse Plaintiff's parent for privately obtained educational services.

In addition, Plaintiff seeks his reasonable and necessary attorneys' fees and costs of this proceeding and the underlying administrative proceeding.

DATED: June 6, 2023                    ___/s/ Mark Whitburn_____
                                       Mark Whitburn
                                       State Bar No. 24042144
                                       Sean Pevsner
                                       State Bar No. 24079130
                                       Whitburn & Pevsner, PLLC
                                       2000 E. Lamar Blvd., Suite 600
                                       Arlington, Texas 76006
                                       Tel: (817) 653-4547
                                       Fax: (817) 653-4477
                                       mwhitburn@whitburnpevsner.com