

Houston
Dallas
Fort Worth
Austin

Janet Little Horton
Partner

(713) 554-6746 Office
(713) 583-8997 Fax

jhorton@thompsonhorton.com

Thompson & Horton LLP
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027-7754

August 25, 2023

Honorable George C. Hanks Jr.      *Via Electronic Filing*
United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77002

    Re:    *James F. b/n/f Christine F. and Michael F. v. Clear Creek Independent School District*, Civil Action No. 4:23-cv-02063; United States District Court for the Southern District of Texas, Houston Division

Dear Judge Hanks:

    In accordance with your court procedures, Rule 6.B., we are filing this letter to request a pre-motion conference to seek permission to file Rule 12(b)(1) and 12(b)(6) motions in the above case. Both must be filed before a responsive pleading if one is allowed, which, in this case, is the answer to the Original Complaint.

    This case is an appeal pursuant to 20 USC § 1415(i) of a special education due process hearing conducted through the state education agency, the Texas Education Agency ("TEA"). The Individuals with Disabilities Education Act ("IDEA") states "[a]ny party aggrieved by the findings and decision" of the TEA "shall have the right to bring a civil action with respect to the complaint presented" in any state court of competent jurisdiction or in federal court. (20 USC § 1415(i)(2)(A)).

    Exhibit A (Document 1-1) to the Original Complaint ("the Decision") shows Christine F. as James F.'s only next friend in the special education due process hearing held pursuant to 20 USC § 1415(f)(1)(A). The hearing officer assigned through the state education agency issued a decision on substantive grounds based on a determination of whether James F. received a free appropriate public education. (20 USC § 1415(f)(3)(E)). Exhibit A is that decision. The IDEA states that a decision made after the hearing is final, except any party "involved in" the hearing may appeal the decision. (20 USC § 1415(i)(1)(A)). Because the hearing decision was issued through the state education agency, this appeal is brought under 20 USC § 1415(i)(2)(A) which gives a party aggrieved by the decision the right to bring a civil action in a district court of the United States. Christine F. was a party to the due process hearing as the next friend of James F. She has standing to bring this appeal under 20 USC § 1415(i)(1)(A) because she was a party "involved in" the hearing.

    The Original Complaint (Document 1) shows Michael F. as a party to this appeal. Exhibit A (Document 1-1) to the Original Complaint shows that Michael F. was not a party to the due process



Hon. George C. Hanks Jr.
August 25, 2023
Page 2

hearing. Therefore, whatever claims he is making in this case as next friend of James F. have not been exhausted pursuant to the administrative remedies under the IDEA. Michael F. was not a party "involved in" a hearing under 20 USC § 1415(f). He has no right under the IDEA to appeal a decision issued through the state education agency into federal court under 20 USC § 1415(i)(2)(A).

The District seeks to file a Rule 12(b)(1) motion to dismiss Michael F. as a party. The Court lacks subject matter jurisdiction over any claims he may be asserting on behalf of James F., or on his own behalf, because he has failed to exhaust the administrative remedies as required by the IDEA. The District seeks to file a Rule 12(b)(6) motion to dismiss Michael F. as a party because he has failed to state a claim on which relief can be granted. He cannot state any claims on behalf of James F., or on his own behalf, because he was not a party to the due process hearing. He was not "involved in" the hearing and has no right to appeal the decision. (20 USC § 1415(i)(1)(A)). Therefore, he can make no claim on which this court can grant him relief.

Michael F. has no standing to bring this appeal. Standing in this case is purely statutory and based on the language of the IDEA. The Original Complaint (Document 1) is based solely on the cause of action that arises under the IDEA to appeal the due process hearing decision. While Christine F. was a party "involved in" the due process hearing, and now has the right to appeal, Michael F. was not a party involved in the hearing and has no right to appear as a party in this proceeding. He should be dismissed as a party under Rule 12(b)(1) and/or under 12(b)(6).

On August 23, 2023, we emailed counsel for the Plaintiff seeking to discuss this matter. Counsel for the Plaintiff replied that they are in a multi-day due process hearing and could not conference about the case. We responded and advised them the District would be objecting to Michael F. as a party to the case. On August 24, 2023, we sent an email to counsel for the Plaintiff explaining the basis for the objection to Michael F. as a party and the basis for motions under Rule 12(b)(1) and 12(b)(6) to dismiss Michael F. as a party. In written correspondence, counsel for the Plaintiff replied they will oppose such motions. We have represented school districts in many due process hearings in which Mr. Whitburn and Mr. Pevsner represented the parents and have always had a good and cooperative working relationship with them. It is our intent to further address this issue with them in a telephone call as soon as their schedule permits.

The court procedure applicable here, Rule 6.B., addresses the requirement that a Rule 12(b)(1) or 12(b)(6) motion must be filed before a responsive pleading if one is allowed. The responsive pleading in this situation is the answer to the Original Complaint. Rule 6.B. states that for the purposes of the timing requirements in Rule 12 for filing an answer and a Rule 12 motion, "a pre-motion conference letter requesting permission to file a motion permitted by the Rule shall be considered the equivalent of the motion itself." This pre-motion conference letter is provided to the Court prior to the filing of the District's answer to the Original Complaint.



Hon. George C. Hanks Jr.
August 25, 2023
Page 3

**THOMPSON & HORTON LLP**

By:   /s/ Janet L. Horton
    Janet L. Horton
    Texas Bar No. 10021500
    jhorton@thompsonhorton.com
    Arlene P. Gonzalez
    Texas Bar No. 24109079
    agonzalez@thompsonhorton.com

    (713) 554-6746 (telephone)
    (713) 583-8997 (fax)
    Phoenix Tower, Suite 2000
    3200 Southwest Freeway
    Houston, Texas 77027-7554

**ATTORNEYS FOR RESPONDENT, CLEAR CREEK INDEPENDENT SCHOOL DISTRICT**

### CERTIFICATE OF SERVICE

This is to certify that on this the 25th day of August 2023, a true and correct copy of the foregoing has been sent via electronic filing to the following:

Mark Whitburn
Sean Pevsner
Whitburn & Pevsner, PLLC
2000 E. Lamar Boulevard, Suite 600
Arlington, Texas  76006

    s/ Janet L. Horton
    Janet L. Horton