IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES F., by and through his next Friends, CHRISTINE F. and MICHAEL F., Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 4:23-cv-02063 |
| CLEAR CREEK INDEPENDENT SCHOOL DISTRICT, Defendant. | § § § § | |

**DEFENDANT CLEAR CREEK INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Clear Creek Independent School District ("CCISD" or "District") files this Answer and Affirmative Defenses to Plaintiff's Original Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

The District responds to the Plaintiff's Original Complaint ("Complaint") in a manner that corresponds to each of Plaintiff's Paragraphs as follows.

**I.     Response to Introduction**

1.     CCISD admits that this action is brought under 20 U.S.C. § 1415(i), that it appeals the decision of a special education hearing officer in an administrative proceeding, and that it seeks attorneys' fees for the Plaintiff. CCISD denies that the hearing officer's decision (the "Decision") attached to Plaintiff's Complaint as Exhibit A (Document 1-1) was erroneous.

**II.     Response to Jurisdiction**

2.     CCISD admits that this action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i), and that jurisdiction is conferred upon the Court

1

pursuant to IDEA, 20 U.S.C. § 1415(i). CCISD admits that the Court has jurisdiction over the appeal of the administrative hearing held on January 3-5, 2023.

3.  CCISD admits that venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

### III.  Response to Parties

4.  CCISD admits that James F. is an eleven-year-old student with disabilities whose current address on file with CCISD is in Harris County and within the geographical area served by the Clear Creek Independent School District. CCISD lacks knowledge or information sufficient to form a belief about the truth of the allegation that he lives with his next friends Christine F. and Michael F.

5.  CCISD admits that it is an independent school district organized under the laws of the state, located in Harris County and Galveston County. CCISD admits that at all times pertinent to this case, the Plaintiff was a student at CCISD. CCISD admits that it is a local education agency subject to the requirements of the IDEA, 20 U.S.C. §1400 et seq. CCISD admits that it provided a free appropriate public education to the Plaintiff.

### IV.  Response to Statement of Facts

6.  CCISD admits that the Plaintiff is currently an eleven-year-old secondary school student. CCISD admits that during all times relevant to the case, the Plaintiff was a student eligible for special education as a student with a Specific Learning Disability, Other Health Impairment, and mild dyslexia and dysgraphia. CCISD admits that the evaluation of the Plaintiff completed in December of 2020 identified that the Plaintiff's Specific Learning Disability was in Reading Fluency. CCISD admits the Admission Review and Dismissal ("ARD") Committee in December 2020 and January 2021 determined the Plaintiff met eligibility as a student with a Specific

Learning Disability and as a student with Other Health Impairment ("OHI") in the categories of BVD (Binocular Vision Dysfunction), CIRS (Chronic Inflammatory Response Syndrome), and CVI (Cortical Visual Impairment) based on the District's evaluation and data provided to CCISD.

7.  CCISD admits that Cortical Visual Impairment ("CVI") is a brain-based visual impairment involving neural pathways and/or the brain. CCISD lacks knowledge or information sufficient to form a belief about the truth of the opinions in the allegations in sentences two and three of this paragraph.

8.  CCISD admits that the ARD Committee included CVI as a condition under the eligibility of OHI. CCISD admits that it complied with its obligation to provide a free appropriate public education to the Plaintiff. CCISD admits that the individualized education programs (IEPs) developed by the ARD Committee included accommodations for CVI. CCISD admits that the Plaintiff is a highly intelligent student who participates in the Gifted and Talented program at school and is performing better than his typically developing peers in many areas. CCISD denies that it has failed to assess the Plaintiff appropriately. CCISD denies that the appropriateness of its evaluation was an issue in the due process hearing and denies that it can be raised as an issue in this appeal. CCISD admits that reading, spelling, and handwriting were all addressed in the special education services provided to the Plaintiff. CCISD admits that the IEPs developed for the Plaintiff were individualized based on current evaluation information, other data, and his needs and resulted in academic and nonacademic benefit. All other allegations in this paragraph are denied.

9.  CCISD admits Christine F. presented a witness at the hearing who testified about CVI and her interactions with the Plaintiff. CCISD denies that it failed to provide a free appropriate public education to the Plaintiff. CCISD lacks knowledge or information sufficient to form a belief

about whether Plaintiff's mother retained an expert in CVI to work with Plaintiff, the expert's observations, and whether the expert's observations give rise to safety concerns.

10. CCISD admits that Christine F. presented a witness at the hearing who testified about CVI and her interactions with the Plaintiff. CCISD lacks knowledge or information sufficient to form a belief about the truth of the witness's observations and opinions. All other allegations in this paragraph are denied.

11. CCISD admits the Plaintiff has been diagnosed with CVI. CCISD denies that the Plaintiff has demonstrated the characteristics described while at school and denies that the CVI characteristics substantially impacted Plaintiff's education during the relevant time period. CCISD lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

12. CCISD admits the witness of Christine F. testified about her use of the CVI Range Assessment. CCISD denies that CVI substantially impacts the Plaintiff functionally in the school setting. CCISD lacks knowledge or information sufficient to form a belief about the remaining allegation in this paragraph.

13. CCISD admits the December 2020 comprehensive evaluation of the Plaintiff concluded he did not meet eligibility under the IDEA as a student with a visual impairment. CCISD admits that Plaintiff's witness testified to her observations and conclusions at the January 3-5, 2023 administrative hearing before a special education hearing officer. CCISD denies that the Plaintiff's CVI had a substantial impact on him in the educational setting. All other allegations in this paragraph are denied.

14. CCISD admits that the December 2020 comprehensive evaluation of Plaintiff concluded he did not meet eligibility under the IDEA as a student with a visual impairment. CCISD

admits that the Plaintiff's IEP during the relevant time period identified CVI as an area of OHI and included accommodations to address the potential impact of CVI. CCISD denies that CVI had a substantial impact on Plaintiff's educational performance or behavior during the relevant time period. CCISD denies that Plaintiff's witness was correct. CCISD admits that Plaintiff's witness testified to the allegations in this paragraph at the January 3-5, 2023 administrative hearing. All other allegations in this paragraph are denied.

15. CCISD admits that during the relevant time period, Plaintiff was successful academically and met or exceeded the academic standards applicable to all students. CCISD admits that during the relevant period, Plaintiff's behavior was appropriate, he generally got along with classmates, he had positive relationships with his teachers, and he advocated for himself to his teachers. CCISD denies that CVI had a substantial impact on Plaintiff's educational performance or behavior during the relevant time period. CCISD lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

16. CCISD admits the ARD committee developed IEPs individually tailored to the Plaintiff's needs that included accommodations to address CVI and that were reasonably calculated to enable the Plaintiff to make progress appropriate in light of his circumstances. CCISD admits that the Plaintiff's teachers were trained on what to look for if CVI was substantially impacting the Plaintiff's performance or behavior. CCISD admits the Plaintiff did receive academic and nonacademic benefit and met or exceeded academic standards applicable to all students. CCISD admits that Plaintiff was tested and accepted into the Gifted and Talented Program. CCISD denies that the Plaintiff's CVI substantially negatively impacted his academic performance and/or behavior in the academic setting. CCISD denies the remaining allegations of this paragraph.

17. Admitted.

18. CCISD denies the decision of the administrative hearing officer was erroneous. CCISD admits the Plaintiff timely files this appeal.

## V. Response to First Cause of Action (IDEA)

19. CCISD responds to the allegations referenced in this paragraph in 1-18 above.

20. CCISD denies any error on the part of the hearing officer as set forth in this paragraph.

21. CCISD admits that this action was brought under the 20 U.S.C. § 1415(i) and appeals the decision of the administrative hearing officer.

## VI. Response to Prayer

CCISD denies that the Plaintiff is entitled to any of the relief he seeks in the Prayer. CCISD denies Plaintiff is entitled to any attorneys' fees.

## **AFFIRMATIVE DEFENSES**

In asserting the following defenses, CCISD does not admit that the burden of proving the allegations or denials contained in the defenses is upon it, but, to the contrary, asserts that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiff. Moreover, by asserting any defense, CCISD does not admit any liability, but, to the contrary, specifically denies any and all allegations of liability in the Plaintiff's lawsuit. Without admitting liability as to any of the Plaintiff's causes of action, CCISD asserts the following defenses:

1. CCISD reserves the right to claim its entitlement to recover attorneys' fees and costs of suit if deemed warranted by this Court pursuant to 20 U. S. C. § 1415(i)(3)(B)(i)(II) and

20 U. S. C. § 1415(i)(3)(B)(i)(III) , the Federal Rules of Civil Procedures, and/or judicial interpretation.

2.      CCISD asserts that Plaintiff's recovery, if any, should be limited to the extent Plaintiffs failed to mitigate damages.

3.      CCISD asserts that Plaintiffs' claims are barred by any other defense which constitutes an avoidance or affirmative defense. CCISD reserves the right to assert additional defenses or affirmative defenses as they become apparent.

## **PRAYER FOR RELIEF**

Wherefore, CCISD respectfully requests the Court review the administrative record in SOAH Docket No. 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.IDEA, TEA Docket No. 262-SE-0522 and any briefing the Court permits; deny Plaintiff's challenges to the Hearing Officer's decision in SOAH Docket No. 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.IDEA, TEA Docket No. 262-SE-0522; deny any relief Plaintiff requests; determine that CCISD complied with the IDEA and provided Plaintiff with a free appropriate public education; and grant CCISD any and all additional relief to which it may be entitled.

      Respectfully submitted,

      **THOMPSON & HORTON LLP**

      By: */s/ Janet L. Horton*
          **Janet L. Horton**
          Texas Bar No. 10021500
          jhorton@thompsonhorton.com
          (713) 554-6746 (telephone)
          (713) 583-8997 (fax)

          Arlene P. Gonzalez
          Texas Bar No. 24109079
          agonzalez@thompsonhorton.com
          (713) 333-6139 (telephone)
          (713) 583-8997 (fax)

          3200 Southwest Freeway, Suite 2000
          Houston, Texas 77027

      **ATTORNEYS FOR CLEAR CREEK ISD**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading has been served on all counsel of record through the Court's electronic filing system, on August 25, 2023:

Mark Whitburn
Sean Pevsner
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com

      //s// *Janet L. Horton*
      Janet L. Horton

8