IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES F., by and through his next friends, CHRISTINE F. and MICHAEL F., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-02063 |
| CLEAR CREEK INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.**

   The Rule 26(f) conference was held by telephone on September 22, 2023, at 8:30 a.m. Plaintiff was represented by Mark Whitburn.  Defendant was represented by Janet Horton and Arlene Gonzalez.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

   N/A

3. **Briefly describe what this case is about.**

   Plaintiff alleges that Defendant denied him a Free Appropriate Public Education for purposes of the Individuals with Disabilities Education Act, 20 U.S.C. § 1401, *et seq.*, in part because it did not appropriately understand or address his Cortical Visual Impairment. Plaintiff brought an administrative due process proceeding before a Hearing Officer assigned by the Texas Education Agency. The issues for the hearing were as follows:
   - Whether the District failed to provide student a FAPE by failing to develop an appropriate IEP for student that addresses his CVI and dyslexia
   - Whether the District failed to appropriately implement student's IEP

   After a due process hearing, the Hearing Officer denied Plaintiff all requested relief.  This case is an appeal of that administrative decision. Defendant denies all allegations of failure

1

to provide Plaintiff a Free Appropriate Public Education and contends the Hearing Officer's decision was correct.

4. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   The parties are currently aware of no such issues.

5. **Federal jurisdiction.**

   A. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343.

   B. **Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

   N/A

   C. **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C., 965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

   N/A

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

   The parties do not anticipate the addition of any other parties.

7. **List anticipated interventions.**

   The parties do not anticipate any interventions.

8. **Describe class-action or collective-action issues.**

   N/A

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

As an action for review on an administrative record, this case is exempt from initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i).

10. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    The parties agree that any claim for attorneys' fees may be submitted to the Court for resolution on affidavits or declarations, after the other issues are resolved. However, the parties do not waive the right to request a hearing on such issues, if warranted.

11. **Describe the proposed discovery plan, including:**

    A. **Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

    The parties do not anticipate taking discovery in this matter, unless a party moves for the admission of new evidence not already included in the administrative record. If a party moves for the admission of new evidence, the opposing party reserves the right to object to the admission of new evidence and/or request from this Court the opportunity to engage in limited discovery regarding the circumstances surrounding the proposed new evidence. If that occurs, the parties will seek leave of Court to propose an appropriate discovery plan at that time.

    B. **Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

    The parties do not anticipate the need to address any threshold issues at this time.

12. **Experts**

    A. **Are experts needed on issues other than attorneys' fees?**

    The administrative record includes expert documentation and testimony on issues other than attorneys' fees. To the extent that any party seeks to introduce any evidence not in the administrative record that would relate to an expert, the parties reserve the right to object and/or to brief the relevant issues at that time.

    B. **If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

    N/A

    C. **The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

Issues involving expert designation will not become applicable, except to the extent that either party seeks to introduce any evidence not in the administrative record that would relate to an expert, in which case the parties respectfully direct the attention of the Court to 12.A above.

**D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).**

Issues involving expert designation will not become applicable, except to the extent that either party seeks to introduce any evidence not in the administrative record that would relate to an expert, in which case the parties respectfully direct the attention of the Court to 12.A above.

**13.  State the date discovery can reasonably be completed.**

The parties do not anticipate engaging in discovery, except to the extent that limited discovery might become appropriate under the circumstances contemplated in 11.A and 12.A above.

**14.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A

**15.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

N/A

**16.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

While the parties remain committed to their respective positions and have thus not viewed any readily available mechanism as likely to result in prompt settlement or resolution of the case, they remain open to constructive dialogue concerning any possibilities for resolution that may present themselves.

**17.  From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

The parties respectfully direct the Court's attention to #16 above.

**18.  With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

The parties are not in agreement with each other regarding Magistrate Edison presiding over this case.

19. **State whether a jury demand has been made and if it was made on time.**

    Given the nature of the case, no jury demand has been made.

20. **Specify the number of hours it will likely take to present the evidence.**

    In the absence of a motion for the admission of new evidence by either party, the parties do not anticipate that any evidentiary hearing or trial will be required. Rather, the parties would anticipate filing Motions for Judgment on the Administrative Record or Motions for Summary Judgment or motions otherwise similarly characterized. If a party files a motion for the admission of new evidence, and this Court grants such a motion, the parties respectfully request the opportunity to amend this plan based on the nature of the new evidence admitted.

21. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

    N/A

22. **List other pending motions.**

    While not a pending motion, on August 25, 2023, Defendant filed a letter with the Court seeking a pre-motion conference prior to filing Rule 12 motions. The issue that was the basis for this request has been resolved by the Parties through an agreement filed with the Court on September 29, 2023.

23. **List issues or matters, including discovery, that should be addressed at the conference.**

    The scheduling of a deadline for the filing of any motion for the admission of new evidence by any party, along with deadlines for the briefing for Motions for Judgment on the Administrative Record or motions otherwise similarly characterized, with such briefing deadlines depending in part on whether any motions for the admission of new evidence have been previously filed.

24. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

    Plaintiff filed his Certificate of Interested Parties on September 27, 2023. Defendant filed its Certificate of Interested Parties on September 28, 2023.

| | |
|---|---|
| DATE: September 29, 2023 | Respectfully submitted, |
| | |
| _s/ Janet L. Horton (with permission) | s/_Mark Whitburn_____ |
| Janet L. Horton | Mark Whitburn |
| Texas Bar No. 10021500 | Texas Bar No. 24042144 |
| jhorton@thompsonhorton.com | mwhitburn@whitburnpevsner.com |
| Arlene P. Gonzalez | Sean Pevsner |
| Texas Bar No. 24109079 | Texas Bar No. 24079130 |
| agonzalez@thompsonhorton.com | spevsner@whitburnpevsner.com |
| Thompson & Horton LLP | Whitburn & Pevsner, PLLC |
| 3200 Southwest Freeway, Suite 2000 | 2000 E. Lamar Blvd., Suite 600 |
| Houston, Texas 77027 | Arlington, Texas 76006 |
| Tel: (713) 554-6746 | Tel: (817) 653-4547 |
| Fax: (713) 583-8997 | Fax: (817) 653-4477 |
| | |
| Attorneys for Defendant | Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel for Defendant by electronic filing service on September 29, 2023:

Janet L. Horton
Arlene P. Gonzalez
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027

/s/_Mark Whitburn_____
Mark Whitburn