United States Courts
Southern District of Texas
FILED
April 12, 2024
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES F., by and through his next friends, CHRISTINE F. and MICHAEL F., § § § Plaintiff, § § v. § CLEAR CREEK INDEPENDENT § SCHOOL DISTRICT, § § Defendant. § | CIVIL ACTION NO. 4:23-cv-02063 |

**PLAINTIFF'S MOTION FOR ADMISSION OF ADDITIONAL EVIDENCE**

Plaintiff James F., by and through his next friends, Christine F. and Michael F., hereby files this Motion for Admission of Additional Evidence (the "Motion") and would respectfully show the Court as follows:

### I. FACTUAL ALLEGATIONS

James F. is an eleven year-old secondary school student whom the Clear Creek Independent School District ("CCISD") deems eligible for special education as a student with a Specific Learning Disability and Other Health Impairment. CCISD recognizes his Specific Learning Disability category as Reading Fluency. Plaintiff's Original Complaint ("POC," Dkt. No. 1), at ¶ 6. It recognizes his Other Health Impairment categories as ADHD, BVD (Binocular Vision Dysfunction), CIRS (Chronic Inflammatory Response Syndrome), and CVI (Cortical Visual Impairment). *Id*.

Cortical Visual Impairment ("CVI") is a brain-based visual impairment involving the neural pathways and/or the brain. POC, at ¶ 7. CVI is an invisible condition that exhibits distinct visual behaviors which are often misinterpreted by the educational school setting. *Id*. Students with CVI have fluctuating visual performances depending on the physical environment,

1

time of day, complexity of the task, competing sensory input, as well as internal stress, and fatigue. *Id*.

While CCISD recognizes that Plaintiff has CVI, it has consistently taken the position that his CVI has no educational impact in the school setting. POC, at ¶ 8. CCISD appears to have adopted this position at least in part because Plaintiff is a highly intelligent student who is, in fact, currently in the Gifted and Talented program at the school and thus performing better than his typically developing peers in many areas. *Id*. However, despite his many gifts and talents, Plaintiff has specific educational needs related to his CVI that CCISD has left unaddressed, in part because it has failed to assess them appropriately. *Id*. Because CVI impacts all aspects of a child's education, leaving its impact unaddressed necessarily has a negative effect on other areas. *Id*. For example, Plaintiff has continued to struggle with reading, spelling, and handwriting in part as a result of issues stemming from his CVI. *Id*. While CCISD has worked with him on dyslexia and the like, its inadequate grasp of his CVI vitiates these efforts. *Id*.

Plaintiff's mother retained an expert in CVI to work with Plaintiff in light of CCISD's failures in this regard. POC, at ¶ 9. As part of her observations and assessments, Plaintiff's expert saw Plaintiff displaying difficulties with facial recognition—a characteristic also noted in interviews with parents and private providers. *Id*. Such difficulties can give rise to safety concerns. *Id*. Plaintiff's expert also observed Plaintiff displaying behavioral characteristics clearly indicative of a student with CVI becoming overwhelmed by the visual complexity of a scanning task he was asked to perform. POC, at ¶ 10. Although to the untrained eye of a teacher or school staff member, Plaintiff's behaviors may seem mere displays of boredom or disinterest, a trained expert in CVI can easily determine the connection between these behaviors and the impact of Plaintiff's CVI. *Id*.

Plaintiff demonstrates other CVI characteristics with substantial educational impact as well. POC, at ¶ 11. For example, he demonstrates a visual field neglect, particularly in unfamiliar or complex environments, such as in a community setting. *Id*. In fact, he has almost been hit by a car due to such left-side visual field neglect. *Id*. He has significantly more challenges in visually complex environments as well. *Id*.

Plaintiff's expert performed a CVI Range Assessment—a tool used to assess where a child falls on the spectrum of CVI for the purpose of determining appropriate strategies and accommodations to allow the child to have educational access. POC, at ¶ 12. The CVI Range Assessment confirmed the observations of Plaintiff's expert. *Id*. She determined that Plaintiff was at the beginning stages of Phase III, such that his CVI impacted him functionally across all settings. *Id*. Plaintiff's expert concluded that he needed a teacher of the visually impaired in the school district to address his CVI needs across the school day, as well as instruction in self-advocacy and accommodations to support his executive functioning and his interaction with peers, as well as other supports and services. POC, at ¶ 13. She concluded, in other words, that CVI has a substantial impact in the educational environment that needs to be addressed. *Id*.

Plaintiff's expert was correct. POC, at ¶ 14. CVI does not go away in any setting or in any part of the day. *Id*. It has impact in every environment in which Plaintiff finds himself. *Id*. Without addressing the CVI in the educational environment, Plaintiff would not have visual access to all his work and would not have his needs met and the appropriate support and accommodations. *Id*.

In light of this substantial educational impact, it is also critical that CCISD instruct Plaintiff in self-advocacy skills. POC, at ¶ 15. Plaintiff must learn to understand the nature of his visual impairment and communicate his needs relative to that impairment, so that he can

access his environment and help others understand his needs. *Id*. Failure to address these issues can result in depression and loss of emotional well-being. *Id*.

CCISD has failed entirely to address Plaintiff's CVI and its educational impacts. POC, at ¶ 16. Insisting that its untrained teachers and staff members have been unable to detect the impact of Plaintiff's CVI in the educational environment, CCISD has insisted that no such impact exists. *Id*. CCISD has in effect taken the position that, because Plaintiff is in the gifted and talented program, it has necessarily fulfilled its obligations. *Id*. CCISD is incorrect in this regard. *Id*. It has the obligation to design an Individualized Education Program that promotes progress appropriate for Plaintiff's unique characteristics, circumstances, and needs. *Id*. It cannot do that by ignoring the impacts of his CVI. *Id*.

Plaintiff filed an administrative due process complaint with the Texas Education Agency and had a due process hearing before an administrative hearing officer on January 3-5, 2023. POC, at ¶ 17. However, in a decision issued on March 9, 2023, the administrative hearing officer found in favor of CCISD and denied Plaintiff's requests for relief. *Id*. Plaintiff timely filed this appeal. POC, at ¶ 18.

## II.   PROPOSED ADDITIONAL EVIDENCE

Plaintiff proposes the following additional evidence for consideration by this Court:

- July 10, 2023 Report of Dr. Christine Roman (attached as Exhibit A)

    This proposed exhibit is an evaluation of Plaintiff performed by Dr. Christine Roman, a world-renowned expert in CVI, who designed the CVI Range Score— the assessment tool most widely used for the analysis of CVI. It confirms a CVI Range Score of 6.75 to 7+, placing Plaintiff at the bottom of Phase III of CVI, and it explains the significance of this, including its educational impact. It is particularly critical when contrasted with the statements in the recent ARD meeting, discussed below, in which CCISD"s Teacher of the Visually Impaired indicated that Plaintiff had a CVI Range Score of 9.5, which would place him at the top of Phase III and near resolution.

- December 18, 2023 Addendum to Report of Dr. Christine Roman (attached as Exhibit B)

4

> This proposed exhibit is an addendum to Dr. Christine Roman's July 10, 2023, Report, attached as Exhibit A, commenting on the December 11, 2023 ARD meeting and explaining the drastic impact of the errors made by Defendant's evaluators with respect to Plaintiff's CVI as expressed in that ARD meeting (transcript attached as Exhibit C).

- Transcript of December 11, 2023, Admission, Review, and Dismissal ("ARD") Meeting for Plaintiff (attached as Exhibit C).

  > This proposed exhibit is the transcript of a December 11, 2023, ARD meeting concerning Plaintiff, generated by Defendant's software, which includes statements on pages 56-57 from Defendant's Teacher of the Visually Impaired that Plaintiff's CVI Range Score is a 9.5, which differs dramatically from the CVI Range Score calculated by the expert who created that assessment tool, Dr. Christine Roman. In fact, Defendant's Teacher of the Visually Impaired specifically describes the CVI Range as the "Roman lantzy range" (page 56-57), a reference to Dr. Christine Roman, whose married name is Roman-Lantzy. *See, e.g.*, Exhibit D, at 5. The transcript contains relevant inaccuracies. Consequently, Plaintiff seeks leave of the Court to offer as additional evidence the ARD recording for which this is a transcript, so that the Court can review a fully accurate account.

- Curriculum Vitae of Dr. Christine Roman (attached as Exhibit D).

- Testimony of Dr. Christine Roman. Plaintiff offers Dr. Christine Roman as a witness if necessary to support her assertions in Exhibits A and B above.

## IV.   ARGUMENT

Pursuant to the IDEA, 20 U.S.C. § 1415(i)(2)(C)(ii), a court reviewing an administrative due process proceeding on appeal "shall hear additional evidence at the request of a party . . . ." Despite the apparently mandatory statutory language, a court may reject additional evidence offered in such an appeal if such evidence would merely "repeat or embellish [the party's] prior administrative hearing [evidence]" or was designed simply to "patch up holes in [the party's] administrative case . . . ." *E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763-4 (5th Cir. 2018). Here, Plaintiff proposes additional evidence that was not available at the time of the due process hearing and that neither repeats nor seeks to patch up holes in Plaintiff's administrative case. Rather, it demonstrates that Defendant's understanding of Plaintiff's disability and its

5

educational educate impact continue to vitiate Defendant's provision of instruction and services to Plaintiff. It further demonstrates that the educational impact of such continued failures is drastic.

Courts have allowed in new evaluations completed after the close of a due process hearing as additional evidence where they shed significant light on the issues bound up with the litigation. For example, in *Caldwell Indep. Sch. Dist. v. Joe P.*, 994 F. Supp. 2d 811 (W.D. Tex. 2012), *aff'd Caldwell Indep. Sch. Dist. v. Joe P.*, 551 Fed. Appx. 140 (5th Cir. 2014), the United States District Court for the Western District of Texas noted, in accepting such an evaluation submitted by the school district, noted that "Fifth Circuit opinions use language suggesting district courts have little discretion to reject additional evidence." *Id.*, at 816 (citing *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000)). Consequently, if a party submits evidence that does not run afoul of the parameters imposed by the Fifth Circuit in *E.R.*, as discussed above, a court should accept the evidence. Here, Plaintiff submits additional evidence from a renowned expert in CVI that directly contradicts not only evidence submitted by Defendant at the due process hearing, but the assertions of Defendant's key personnel up to the present date. This Court should accept such evidence.

This Court's holding in *O.P. v. Weslaco Indep. Sch. Dist.*, No. 7:21-cv-00352, 2022 U.S. Dist. LEXIS 51822 (S.D. Tex. March 23, 2022), does not counsel otherwise. There, this Court addressed the issue of whether to admit evidence from a counselor who began treating the plaintiff after the due process hearing was over as "evidence of [the plaintiff's ex ante eligibility for a special education program." *Id.*, at *4. In rejecting the additional evidence offered by the plaintiff, this Court explained that "[w]hile judicial review unavoidably looks backward, our task is to assess eligibility with the information available to the ARD (admission, review, and dismissal) committee at the time of the decision." *Id.* (quoting *Lisa M. v. Leander Indep. Sch.*

6

*Dist.*, 924 F.3d 205, 214 (5th Cir. 2019)).  The ARD Committee decision with respect to eligibility had to be determined based on the information available to the committee at the time of the particular ARD meeting at issue.  Anything coming later would have no relevance to the validity or invalidity of the ARD Committee's decision in that snapshot of time.  Here, however, the circumstances are different.  This Court is not reviewing an eligibility determination.  Rather, the Court is reviewing the issue of whether Defendant can provide a Free Appropriate Public Education on an ongoing basis based on a complete misapprehension as to the nature and degree of Plaintiff's CVI and its educational impacts.  It is appropriate for this Court to consider the fact that Defendant continues to get this issue wrong, with ongoing drastic educational impacts, as explained by the world-renowned expert who designed the very mechanism used by Defendant and others to assess CVI.

In light of the foregoing, Plaintiff respectfully requests that this Court accept as additional evidence the materials and witness referenced above.

DATED: December 18, 2023                                  Respectfully Submitted,


                                                          __/s/ Mark Whitburn_____
                                                          Mark Whitburn
                                                          State Bar No. 24042144
                                                          Whitburn & Pevsner, PLLC
                                                          2000 E. Lamar Blvd., Suite 600
                                                          Arlington, Texas 76006
                                                          Tel: (817) 653-4547
                                                          Fax: (817) 653-4477
                                                          mwhitburn@whitburnpevsner.com

                                                          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served on attorneys of record for the Clear Creek Independent School District on December 18, 2023, through the electronic filing service as follows:

Janet L. Horton
Arlene P. Gonzalez
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027

                                                             /s/ Mark Whitburn