United States District Court
Southern District of Texas
**ENTERED**
July 29, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JAMES F., § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-cv-02063 |
| § | |
| CLEAR CREEK INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

# OPINION AND ORDER

Plaintiff James F., by and through his next friends, Christine F. and Michael F., filed this action against Defendant Clear Creek Independent School District ("CCISD"), pursuant to 20 U.S.C. § 1415(i), to appeal a March 9, 2023 decision of the Texas Education Agency ("TEA") on Plaintiff's administrative due process complaint. Pending before me is Plaintiff's Motion for Admission of Additional Evidence. Dkt. 23. For the reasons discussed below, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff is a student at CCISD. Plaintiff is eligible for special education services as a student with a Specific Learning Disability and Other Health Impairments. Plaintiff's Specific Learning Disability category is Reading Fluency. His Other Health Impairments are Attention Deficit Hyperactivity Disorder ("ADHD"), Binocular Vision Dysfunction ("BVD"), Chronic Inflammatory Response Syndrome ("CIRS"), and Cortical Visual Impairment ("CVI").[1] Plaintiff contends that, while CCISD recognizes that Plaintiff has CVI, it "has failed entirely to address Plaintiff's CVI and its educational impacts." Dkt. 1 at 4.

---

[1] CVI "is a disorder caused by damage to the parts of the brain that process vision. . . . A child with CVI has vision problems that are caused by their brain that can't be explained by a problem with their eyes." NAT'L EYE INST., *Cerebral Visual Impairment* (Jul. 29, 2024), https://www.nei.nih.gov/learn-about-eye-health/eye-conditions-and-diseases/cerebral-visual-impairment-cvi.

Plaintiff filed an administrative due process complaint with the TEA, and had a due process hearing before an administrative hearing officer on January 3-5, 2023. This hearing concerned Plaintiff's Individualized Education Program ("IEP") during the 2021-2022 school year. In a decision issued on March 9, 2023, the administrative hearing officer found in favor of CCISD and denied Plaintiff's requests for relief. Plaintiff timely filed this appeal on June 6, 2023.

On December 21, 2023, Plaintiff filed a Motion for Leave to File Motion for Admission of Additional Evidence. Judge George C. Hanks, Jr. granted that motion on April 12, 2024, at which point Plaintiff filed the instant Motion for Admission of Additional Evidence. Specifically, Plaintiff proposes the following additional evidence:

- July 10, 2023 Report of Dr. Christine Roman ("Dr. Roman") (Dkt. 13-2)
- December 18, 2023 Addendum to Dr. Roman's Report (Dkt. 13-3)
- Transcript of December 11, 2023, Admission, Review, and Dismissal ("ARD") Meeting for Plaintiff (Dkt. 13-4)
- Dr. Roman's Curriculum Vitae (Dkt. 13-5)
- Dr. Roman's Testimony

Plaintiff contends this evidence "directly contradicts not only evidence submitted by Defendant at the due process hearing, but the assertions of Defendant's key personnel up to the present date." Dkt. 23 at 6. Defendant argues this "evidence is irrelevant, cumulative, duplicative, and does not comply with the Federal Rules of Evidence." Dkt. 26 at 3. For the reasons discussed below, I agree with Defendant.

## LEGAL STANDARD

Under the Individuals with Disabilities Education Act ("IDEA"), a court reviewing an administrative due process proceeding on appeal "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii). Despite this seemingly mandatory statutory language, courts have imposed limitations by emphasizing a district court's discretion to admit additional evidence, and by construing the meaning of the word "additional." The seminal decision in this area

is the First Circuit's decision in *Town of Burlington v. Dept. of Educ. for Mass.*, 736 F.2d 773 (1st Cir. 1984). There, the First Circuit observed that "reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* at 790. The Fifth Circuit adopted this view in *E.R. v. Spring Branch Independent School District*, when it held that a court may reject additional evidence offered in such an appeal if such evidence would merely "repeat or embellish [the party's] prior administrative hearing testimony." 909 F.3d 754, 763–64 (5th Cir. 2018) (quoting *Town of Burlington*, 736 F.2d at 790).

District courts are to exercise their discretion in admitting additional evidence, keeping in mind that "if parties could always introduce additional evidence in the district court to patch up holes in their administrative case, administrative proceedings would no longer receive the weight that they are due." *E.R.*, 909 F.3d at 764 (cleaned up). In other words, the evidence must truly be "additional." *Id.* (quoting *Town of Burlington*, 736 F.2d at 790). The Fifth Circuit has cautioned against "turning the administrative hearing into a mere dress rehearsal followed by an unrestricted trial *de novo*." *E.R.*, 909 F.3d at 764 (quotation omitted). With this standard in mind, I turn to the evidence that Plaintiff seeks to admit.

## ANALYSIS

**A.   DR. ROMAN'S JULY 10, 2023 REPORT (DKT. 13-2)**

This report is a summary of an evaluation that Plaintiff had with Dr. Roman on July 5, 2023—"six full months after the administrative hearing and more than a calendar year after the time period at issue in this appeal." Dkt. 26 at 12. Despite this large gap in time, Plaintiff contends that "[c]ourts have allowed in new evaluations completed after the close of a due process hearing as additional evidence where they shed significant light on the issues bound up with the

3

litigation." Dkt. 23 at 6. In making this argument, Plaintiff relies heavily on *Caldwell Independent School District v. L.P.*, 994 F. Supp. 2d 811 (W.D. Tex. 2012), as support for why this evidence should be admitted. Yet, *Caldwell* is distinguishable in several respects.

First, the evaluation admitted as additional evidence in *Caldwell* "was ordered by the hearing officer, as part of the outcome of the due process hearing." 994 F. Supp. 2d at 816. Because this evaluation was ordered by the hearing officer, it could not be construed as an attempt to patch up holes in the plaintiff's case. Moreover, the fact that the hearing officer ordered the evaluation necessarily made it relevant to events occurring after the hearing. Neither are the case here.

*Caldwell* is also distinguishable because the court there

> followed a rigid application of the statute stating that the Court is required to "admit such evidence" without doing an in[-]depth discussion of the relevant case law at the time. Texas district court cases preceding and subsequent to *Caldwell* support the *Town of Burlington* approach. The rigid approach followed by *Caldwell* is against the greater weight of authority in other circuits as well as other district courts within the Fifth Circuit.

*William V. v. Copperas Cove Indep. Sch. Dist.*, No. W-17-cv-00201, 2018 WL 8244840, at *4 (W.D. Tex. Mar. 15, 2018) (citation omitted). Because *Caldwell* was decided years before the Fifth Circuit's decision in *E.R.*, it has little relevance today.

I appreciate why Plaintiff wants to admit Dr. Roman's July 10, 2023 report. But a year is a long time, especially in the life of a child. To admit an evaluation of a child one whole year older than the one discussed at the administrative hearing would transform my limited judicial review into a de novo trial on the merits. Accordingly, I will not admit Dr. Roman's July 10, 2023 report.

## B.   DR. ROMAN'S DECEMBER 18, 2023 REPORT (DKT. 13-3)

"This proposed exhibit is an addendum to Dr. Christine Roman's July 10, 2023, Report, . . . commenting on the December 11, 2023 ARD meeting." Dkt. 23 at 5. This report was created 11 months *after* the administrative hearing. As Defendant notes, this report "do[es] not contain information about Plaintiff's

condition, his needs, or his performance in the 2021-2022 school year." Dkt. 26 at 12. Moreover, the opinions contained in this report "are not relevant to the content of Plaintiff's IEP in the 2021-2022 school year and the implementation of it." *Id*. Accordingly, I will not admit Dr. Roman's December 18, 2023 report either.

\* \* \*

Because I am not admitting either of Dr. Roman's reports, her curriculum vitae (Dkt. 13-5) and her testimony "to support her assertions in [those reports]" are unnecessary. Dkt. 23 at 5. Thus, Dr. Roman's curriculum vitae will not be admitted, nor will Dr. Roman be heard as a witness.

C.   TRANSCRIPT OF DECEMBER 11, 2023 ARD MEETING (DKT. 13-4)

This proposed exhibit includes statements "from Defendant's Teacher of the Visually Impaired that Plaintiff's CVI Range Score is a 9.5, which," according to Plaintiff, "differs dramatically from the CVI Range Score calculated by the expert who created that assessment tool, Dr. Christine Roman." Dkt. 23 at 5. That may be true, but I again struggle to understand the relevance of any score—accurate or not—calculated more than a year *after* the administrative proceeding question. Thus, I will not admit this transcript.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Admission of Additional Evidence (Dkt. 23) is **DENIED**. The parties should submit to my Case Manager a proposed schedule for summary judgment briefing no later than Wednesday, August 7, 2024.

SIGNED this 29th day of July 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE